## No. 2614.—J. L. LEVY & SALOMON *v.* BANK OF AMERICA.

A bank is not required to know any of the persons who indorse a check drawn upon it, except the one who presents it for payment, nor is it authorized to withhold payment until it is furnished with direct proof that the signatures of the indorsers preceding the one presenting it are genuine. In cases of this kind the rule is that the bank must know that the signatures of the drawer and the person who presents it for payment are genuine, under penalty of liability to pay it again in case either of the signatures are shown to be a forgery. But if it be shown that the signatures of the indorsers which precede that of the one receiving payment is a forgery, the bank can not on that account be held to a second payment.

APPEAL from the Seventh District Court, parish of Orleans.  *Collens, J. Hyams & Jonas,* for plaintiffs and appellants.  *Johnson & Denis,* for defendant and appellee.

HOWELL, J.   The plaintiffs, who are brokers and dealers in State warrants, etc., purchased of a man unknown to them a State warrant for nine hundred dollars, drawn to the order of and indorsed by Charles H. Merritt, the secretary of the State Senate, for which they gave their check for seven hundred and twenty dollars on the bank of America, (where they kept a deposit account) drawn first to bearer, but changed by them before delivery to the order of said Merritt.   This change was made after the stranger was asked if he was Charles H. Merritt and replied affirmatively, the object being, as stated, to make him identify himself to the bank.   This check, bearing the name of Charles H. Merritt on its back, was taken by Isidore Newman, a broker, keeping an account also with the defendant, in exchange for coin and currency and by him deposited with his indorsement on it with the bank of America, its amount being credited to him and charged to the plaintiffs. The State warrant passed through several hands and was finally, some four or five months after the above transaction, presented by one of the tax collectors to the Auditor, when it was found to have been changed from the sum of one hundred dollars to nine hundred dollars.   From each successive holder it reverted to the plaintiffs, who found then that

the indorsement of Charles H. Merritt was forged upon their check. They now sue the bank for having paid the check on this forged indorsement. The bank called Newman in warranty. The district court gave judgment in favor of the bank on the authority of the case of Smith *v.* Mechanics' and Traders' Bank, 6 An. 610; and the plaintiffs appeal. They call in question the correctness of the doctrine of that case, but contend that it differs entirely from the one at bar, upon the point considered by the Supreme Court as of the first importance, to wit: That Smith in drawing his check to the order of the supposed acceptors of the bill purchased by him and not to the order of the holder from whom he purchased, was deviating not only from the usual course of business, but from his own long established and regular custom; while in this case the plaintiffs draw their check according to the ordinary usual course of buiness, to the order of the payee of the warrant purchased, whose genuine indorsement was on it at the time. This difference does not seem to us to be such as to greatly benefit the plaintiffs. In each case the instrument purchased was a forgery at the time of the purchase, and the purchasers issued their checks in payment thereof to unknown persons, but in the name of the payees alike of the forged instruments, with the acknowledged purpose of throwing upon the bank the responsibility of paying to the right party. In each case the signature to the check was genuine and the checks were given to the guilty parties or their accomplices, who have easily and successfully deceived the drawers of the checks, who it seems had some suspicions as to the identity of the parties with whom they were dealing; as said in the Smith case, the first fault was committed by the plaintiffs in taking the forged or false instrument, and placing their check in the hands of a party who had every interest to use it as an implement of fraud. The plaintiffs can not successfully complain that the bank failed to protect them from the devices of a person who had, with so little effort, deceived and defrauded them. If the warrant purchased by them had been genuine, we presume they would not have complained of the payment of their check by the bank to any other party than Merritt, in whose favor it was drawn by them. It seems to us they are endeavoring to make the bank repair a loss which they brought on themselves by their own carelessness.

There is a feature in this case which makes it a stronger one in favor of the bank than the Smith case: It is that the bank in this instance paid on the genuine indorsement of the party presenting it for payment, the indorsement of Newman. We are aware of no law nor custom, which makes banks responsible primarily for the genuineness of every indorsement which may appear on checks drawn on them. We apprehend that they are not required to suspend payment until they are furnished with direct proof, that each indorsement preceding that of

the party presenting or depositing it, is genuine. They must know the party to whom they pay and the signature of the drawer.

The authorities cited by plaintiffs come under the general rule, that banks pay checks to order at their own risk, when their customers, in drawing the checks, have done nothing on their part to create or increase that risk, as in this case.

Judgment affirmed.